UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM BEYDOUN,  
B&D FAMILY HOLDINGS LLC  
    Plaintiff,

CASE NO.: 2:23-cv-13163  
HON:  
DEMAND FOR JURY TRIAL

Vs.

BRUCE ROSENTHAL,  
BRUCE ROSENTHAL PLLC,  
ROBERT FICANO, and  
LEGAL ADVISORS LLC

    Defendants.

_____

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, Sam Beydoun, by and through counsel, and hereby complains against the above-mentioned defendants as follows:

### INTRODUCTION

1. This case stems from situations in the past whereby plaintiff, Sam Beydoun ("Beydoun") had disagreements with his former business partners in various Michigan corporations, including Plaintiff B&D Family Holdings LLC ("B&D"; Beydoun and B&D are collectively referred to as "Plaintiffs") , Canton Development LLC, Canton Rentals LLC, and others.  Plaintiff retained defendants BRUCE ROSENTHAL who conducted business through his law firm BRUCE ROSENTHAL PLLC (collectively, "Rosenthal"), and ROBERT FICANO, who conducted business through his law firm, LEGAL ADVISORS, LLC (collectively, "Ficano"), to represent him in 2 different Michigan State court litigation matters, being Wayne County Circuit Court Case Nos.: 19-000407-CB and 21-009737-CB.  The Wayne County Case No.: 19-000407-CB has been commonly referred to as the

"Canton Development" case, as Canton Development LLC was the main company at issue in this case. The Wayne County Case No.: 21-009737-CB has been commonly referred to as the "B&D" case, as B&D Family Holdings LLC was the main company at issue in this case. From these 2 lawsuits, defendants fraudulently claimed to have generated $248,775 in attorney fees for the Canton Development case and $70,045 for the B&D case.

Defendants, through a pattern of lying, exaggerating, and submitting false claims to the Wayne County Circuit Court, claim false and inflated fees from time allegedly spent on these 2 lawsuits, have violated multiple federal laws, and this lawsuit is being brought and this case alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1964.

3. Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this judicial district and reside and conduct business in this district.

## PARTIES

4. Plaintiff Beydoun is an individual who resides and conducts business in Wayne County, Michigan. Section 1964(c) creates a private right of action for any "person" who has suffered a compensable injury. Their term "person" has been interpreted liberally to include natural persons, partnerships, joint ventures, corporations, and governmental entity suing for their own injuries. See §1961(3).

5.      Plaintiff B&D is a Michigan Limited Liability company who principal place of business is in, and conducts business in, Wayne County, Michigan. Section 1964(c) creates a private right of action for any "person" who has suffered a compensable injury. Their term "person" has been interpreted liberally to include natural persons, partnerships, joint ventures, corporations, and governmental entity suing for their own injuries. See §1961(3).

6. Defendant Bruce Rosenthal is an individual, licensed as an attorney in the State of Michigan, and conducts business in this district in Wayne County, Michigan, and also conducts business under the law firm name of defendant BRUCE ROSENTHAL PLLC.

7.      Defendant Robert Ficano is an individual, licensed as an attorney in the State of Michigan, and resides and conducts business in this district in Wayne County, Michigan, and also conducts business under the law firm name of defendant LEGAL ADVISORS, LLC.

8.      Plaintiff retained defendants as attorneys to represent his best interests in 2 Michigan state court litigation matters located in Wayne County, the 3rd Judicial Circuit Court.

9.      Defendants did in fact represent plaintiff as plaintiff's attorneys in the 2 Wayne County Circuit Court Cases, being Case No.: 19-000407-CB and 21-009737-CB.

**FACTUAL ALLEGATIONS COMMON TO ALL RICO COUNTS**

10.     RICO violations require various allegations and proof to sustain a cause of action. These include: (a) a culpable person, who (b) conducts (or acquires) an "enterprise" (c) affecting interstate commerce (c) through a "pattern" (d) of "racketeering activity." In addition, a civil RICO plaintiff must show injury "by reason of" the RICO violation.

3

**Culpable Person**. RICO defines a "person" as an "entity capable of holding a legal or beneficial interest in property."

**Enterprise**. RICO defines an enterprise as "any individual, partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity." Courts have interpreted the term "enterprise" very broadly, and since most litigation involves some business entity or organization, the enterprise requirement poses little difficulty to the plaintiff who wishes to assert a RICO violation.

**Interstate or Foreign Commerce**. The interstate commerce requirement is satisfied if either the activity of the enterprise or the predicate acts of racketeering affect interstate commerce. While courts have described the nexus with interstate commerce required by RICO to be "minimal," it must be alleged, and courts will dismiss RICO claims that do not adequately plead this requirement. See § 11, Interstate or foreign commerce.

**Pattern of Racketeering**. Section 1961(5) defines a "pattern of racketeering" as "at least two acts of racketeering activity . . . the last of which occurred within ten years after the commission of a prior act of racketeering activity." The acts must be related and continuous to form a "pattern of racketeering." "Related" is defined as "acts that have the same or similar purposes, results, participants, victims, methods of commission, or otherwise interrelated by distinguishing characteristics and are not isolated events." Continuity can be shown by alleging a close-ended scheme, consisting of a series of related predicate acts extending over a substantial period of time, or an open-ended scheme. In order to properly allege an open-ended scheme, the plaintiff must establish the "threat of continuity." The two most important factors in alleging and establishing

4

"continuity" are (1) the duration of the alleged misconduct; and (2) a threat of continuing criminal conduct.

**Racketeering Activity**. Most civil RICO cases are based upon allegations of a racketeering activity. "Racketeering activity" is defined as any number of state and federal offenses which are enumerated in § 1961(1). Most civil RICO cases involve allegations of mail or wire fraud. As with any fraud allegation, the particularity requirements of Rule 9(b) of the Federal Rules of Civil 222 Procedure apply. A Plaintiff must therefore specifically allege the time, place, and content of the mail and wire communication and must identify the parties to the communications.

**Injury**.  To establish standing for a civil RICO claim, four factors must be satisfied: the Plaintiff must be (1) a "person" (2) who sustains injury (3) to his or her "business or property" (4) "by reason of" defendant's violation of § 1962. Keep in mind that because standing depends on injury from the "conduct constituting the violation," each section of RICO has a different injury requirement. Injury under § 1962(c) must stem from the predicate acts; and injury under § 1962(d) generally stems from the overt acts committed in furtherance of the conspiracy.

## COUNT I RICO § 1962(c)

11. The allegations of paragraphs 1 through 10 are incorporated herein by reference.

12. This Count is against the Rosenthal Defendants (the "Count I Defendants").

13. The Count I Defendants is an enterprise engaged in and whose activities affect interstate commerce. The Count I Defendants are employed by or associated with the enterprise.

14. The Count I Defendants agreed to and did conduct and participate in the conduct of

the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiffs. Specifically, the Count I Defendants: a) used the mail, electronic mail, internet and Michigan state court filing systems to send fraudulent, inflated and false invoices for attorney fees; b) filed false and fraudulent lawsuit in the 20th District Court to collect upon false, fraudulent and inflated claims for attorney fees; c) threatened to "foreclose" upon a false and fraudulent lien by mail, and falsely and corruptly demanding rents from tenants of plaintiff B&D by mail; d) used the Michigan state trial and appellate court system to advance a corrupt, false and fraudulent scheme to collect false and inflated claimed attorney fees, including the filing and maintaining of false claims in the Michigan court system; e) attempted to influence, obstruct, or impede the due administration of justice by perjuring themselves in court proceedings and under oath to advance claims for false, fraudulent and inflated claims for attorney fees; f) attempted to influence, obstruct, or impede the due administration of justice by submitting false and fraudulent pleadings in the Michigan State Court system to advance claims for false, fraudulent and inflated claims for attorney fees; g) defrauded, or attempting to default Beydoun into purchasing membership interests in SBR Holdings LLC ("SBR"), a Michigan Limited Liability company for $150,000, a worthless company (although Beydoun disclaims this ever happened) and then created false and fraudulent "contract" and forging Beydoun's name on it to justify being paid $150,000 in attorney fees as opposed to $150,000 for Count I and Count II defendants alleged membership interests in SBR; h) other acts to be discovered.

15. Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of mail fraud (18 USC 1341), wire fraud (18 USC 1343), and

obstruction of justice (18 USC 1503).

16. The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

17. The Count I Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

18. As a direct and proximate result of the Count I Defendants' racketeering activities and violations of 18 U.S.C. §1962(c), Plaintiffs have been injured in their business and property in that: a) there has been a cloud on the title to Plaintiff B&D's real property; b) Plaintiffs have expended significant amounts of money in legal costs and fees to defend the false, fraudulent and inflated claims of the Count I Defendants; c) Plaintiffs have over paid in costs and legal fees, and demand such over-payments as damages; d) other damages to be discovered.

19. WHEREFORE, Plaintiffs request that this Court enter judgment against the Count I Defendants as follows: an amount equal to Plaintiffs actual damages sustained in defending these false, fraudulent and inflated claims of Count I Defendants, treble damages, costs of litigation and attorney's fees, all in excess of $75,000.00.

## COUNT II RICO § 1962(c)

20. The allegations of paragraphs 1 through 19 are incorporated herein by reference.

21. This Count is against the Ficano Defendants (the "Count II Defendants").

22. The Count II Defendants is an enterprise engaged in and whose activities affect interstate commerce. The Count I Defendants are employed by or associated with the enterprise.

23. The Count II Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiffs. Specifically, the Count II Defendants: a) used the mail, electronic mail, internet and Michigan state court filing systems to send fraudulent, inflated and false invoices for attorney fees; b) filed false and fraudulent lawsuit in the 20th District Court to collect upon false, fraudulent and inflated claims for attorney fees; c) threatened to "foreclose" upon a false and fraudulent lien by mail, and falsely and corruptly demanding rents from tenants of plaintiff B&D by mail; d) used the Michigan state trial and appellate court system to advance a corrupt, false and fraudulent scheme to collect false and inflated claimed attorney fees, including the filing and maintaining of false claims in the Michigan court system; e) attempted to influence, obstruct, or impede the due administration of justice by perjuring themselves in court proceedings and under oath to advance claims for false, fraudulent and inflated claims for attorney fees; f) attempted to influence, obstruct, or impede the due administration of justice by submitting false and fraudulent pleadings in the Michigan State Court system to advance claims for false, fraudulent and inflated claims for attorney fees; g) defrauded, or attempting to default Beydoun into purchasing membership interests in SBR Holdings LLC ("SBR"), a Michigan Limited Liability company for $150,000, a worthless company (although Beydoun disclaims this ever happened) and then created false and fraudulent "contract" and forging Beydoun's name on it to justify being paid $150,000 in attorney fees as opposed to $150,000 for Count I and Count II defendants alleged membership interests in SBR; h) other acts to be discovered.

24. Pursuant to and in furtherance of their fraudulent scheme, Defendants committed

multiple related acts of mail fraud (18 USC 1341), wire fraud (18 USC 1343), and obstruction of justice (18 USC 1503).

25. The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

26. The Count I Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

27. As a direct and proximate result of the Count II Defendants' racketeering activities and violations of 18 U.S.C. §1962(c), Plaintiffs have been injured in their business and property in that a) there has been a cloud on the title to Plaintiff B&D's real property; b) Plaintiffs have expended significant amounts of money in legal costs and fees to defend the false, fraudulent and inflated claims of the Count II Defendants; c) Plaintiffs have over paid in costs and legal fees, and demand such over-payments as damages; d) other damages to be discovered.

28. WHEREFORE, Plaintiffs request that this Court enter judgment against the Count II Defendants as follows: an amount equal to Plaintiffs actual damages sustained in defending these false, fraudulent and inflated claims of Count II Defendants, treble damages, costs of litigation and attorney's fees all in excess of $75,000.00.

## COUNT III RICO § 1962(d)

29. The allegations of paragraphs1 through 28 are incorporated herein by reference.

30. This count is against the Count I and Count II Defendants.

31. As set forth above, the Count I and Count II Defendants agreed and conspired to violate 18 U.S.C. § 1962(c) and (d). Specifically: [Consider summarizing the manner in which the defendant conspired to: (1) use or invest income that is derived from a pattern of racketeering activity in an interstate enterprise (§ 1962(a)); (2) acquire or maintain interests in the enterprise through a pattern of racketeering activity (§ 1962(b)); or (3) conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity (§ 1962(c)).]

32. The Count I and Count II Defendants have intentionally conspired and agreed to directly and indirectly use or invest income that is derived from a pattern of racketeering activity in an interstate enterprise, acquire or maintain interests in the enterprise through a pattern of racketeering activity, and conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. The Count I and Count II Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above. That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(a), (b) and (c), in violation of 18 U.S.C. § 1962(d).

33. As direct and proximate result of the Count I and Count II Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Plaintiffs have been injured in their business and property in that: [Specifically enumerate injuries, including any that were caused by non-predicate overt acts committed to further the conspiracy.]

28. WHEREFORE, Plaintiffs request that this Court enter judgment against the Count II Defendants as follows: an amount equal to Plaintiffs actual damages sustained in

10

defending these false, fraudulent and inflated claims of Count II Defendants, treble damages, costs of litigation and attorney's fees all in excess of $75,000.00..

PLAINTIFFS DEMAND TRIAL BY JURY.

Respectfully submitted,

/s/ DAVID E GHANNAM
DAVID E. GHANNAM (P43407)
DAVID E GHANNAM P.C.
Attorney for Plaintiffs
17436 College Parkway, 3rd Floor
Livonia, MI 48152
Ph. 313-945-0088
Fax: 313-945-1199
david@ghannam.law